**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4535**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARQUIS R. LEAMON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:23-cr-00260-DCC-3)

Submitted:  August 28, 2025                          Decided:  September 2, 2025

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Derek A. Shoemake, THE CONNELL LAW FIRM, LLC, Lugoff, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis R. Leamon pled guilty to possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The district court sentenced Leamon to 180 months of imprisonment followed by a five-year term of supervised release. On appeal, Leamon's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Leamon's plea was knowing and voluntary and whether the sentence is procedurally and substantively reasonable. Leamon was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver included in the plea agreement. We affirm in part and dismiss in part.

Leamon's waiver of appellate rights does not preclude our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises

2

not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).  Here, the district court conducted a thorough and complete Rule 11 hearing.  We therefore conclude that Leamon entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Leamon's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*.  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that Leamon knowingly and intelligently waived his right to appeal his conviction and sentence.  We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises in the *Anders* brief falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside the scope of the appellate waiver.  We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver.  We affirm the remainder

3

of the judgment. This court requires that counsel inform Leamon, in writing, of the right to petition the Supreme Court of the United States for further review. If Leamon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leamon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*